## 51318. CANNON v. THE STATE.

CLARK, Judge.

Defendant appeals from the denial of his motion to withdraw his plea of guilty to a charge of burglary. The two issues presented for determination are (1) whether defendant was denied his constitutional right to effective assistance of counsel and (2) whether defendant's guilty plea was entered intelligently and knowingly.

I.

As set out in the agreed stipulation and in the record, the facts are:

Defendant was arrested on March 30, 1975 and held in the Bartow[1] County jail. He was charged by information with burglary in that, with the intent to commit theft, he unlawfully entered the residence of Norris Gay. As defendant was AWOL from the army, a detainer was placed upon him and he remained incarcerated. On April 8, attorney William Morgan Akin was court-appointed to represent the defendant. Akin accepted the appointment and his name was entered as counsel of record in the clerk's office. After interviewing defendant, Akin contacted the district attorney's office and requested that a preliminary hearing be held.

The sole witness at the April 15 preliminary hearing was Norris Gay, the prosecutor. Upon examination, the following facts were elicited from this witness: Gay was formerly employed with defendant's father in Jennings, Florida and had known defendant for some time.

---

[1]Named for Francis S. Bartow, Savannahian, who was the first Confederate general to be killed in action. He was responsible for selection of the Confederate gray uniforms.

Defendant had gone to school with Gay's daughter and had continued to correspond with her after he enlisted in the army. Prior to the alleged burglary, defendant was a guest of the Gay household for more than a week. The Gay family had intended to leave town on Easter Sunday and gave defendant a ride to the bus station. It developed that defendant did not take his bus. Instead, he returned to the Gay residence and forced open the locked front door. Upon his entry into the house, he found Norris Gay waiting for him with gun in hand.[2] Gay notified the police and signed the accusation upon which the burglary charge is based.

At the conclusion of the hearing, Akin moved to dismiss the burglary charge.[3] He argued that the state failed to produce any evidence tending to prove the requisite intent to commit a felony or theft. He also argued that defendant had the implied authority to re-enter the premises in view of his previous stay there. The motion was denied and defendant was bound over.

After the preliminary hearing, Akin advised defendant that the felony charge against him was a serious one, but that the state's case appeared weak. He recommended fighting the case at trial and he advised defendant against pleading guilty to any charge other than a misdemeanor such as criminal trespass. The defendant accepted this advice without protest. He did not request that Akin enter a plea in his behalf; nor did he discharge Akin or request new counsel to be appointed.

Friday, April 18, was one of the bi-monthly "plea days" in the Superior Court of Bartow County. Several prisoners were being transported from the jail to the courthouse in order to enter their guilty pleas. Defendant

---

[2] Gay testified that he "was expecting a visitor to come back."

[3] "A person commits burglary when, *without authority* and with the *intent to commit a felony or theft therein,* he enters or remains within the dwelling house of another . . ." Code Ann. § 26-1601 (Ga. L. 1968, pp. 1249, 1287). (Emphasis supplied.)

expressed his desire to plead guilty and requested that he be brought to the courthouse also.

At the courthouse, defendant was interviewed by the district attorney's investigator. He told the investigator that he was guilty and wanted to enter his plea. When asked if he had an attorney, defendant stated Akin's name. Defendant was asked if he still desired to plead guilty and he answered affirmatively. Attorney Akin was not informed of the development, and, apparently, no effort was made to contact this attorney of record. Instead, the district attorney's investigator asked another lawyer to assist defendant in entering his plea. This attorney had no prior involvement with the case and was unaware of Akin's representation.

The district attorney, who represented the state at the preliminary hearing and knew that Akin had been representing defendant, made no apparent effort to contact Akin. The trial judge did not formally appoint new counsel for defendant, but allowed this attorney to act in defendant's behalf while the plea was entered.[4] In accepting defendant's plea of guilty, the only questions asked from the bench concerned defendant's age and how long he had been AWOL from the army. The sole question asked by the attorney representing defendant was whether he had any prior convictions. (Defendant stated that he had never been previously arrested or convicted.) The court sentenced defendant to serve three years in the state penitentiary.

Shortly after the Friday afternoon proceedings had concluded, Akin learned of defendant's guilty plea. On the following Monday, Akin visited defendant at the county jail. Defendant stated that he wanted to withdraw his guilty plea and asked Akin to assist him in this matter. On May 9, Akin filed a written motion to withdraw defendant's plea. The motion was argued and overruled on June 23 and a written order denying said motion was entered on July 9. This appeal followed.

---

[4]The stipulation states that the trial judge "does not now recollect whether he had any knowledge of Mr. Akin's prior involvement in this case."

## II.

Defendant contends that the absence of his appointed counsel, Akin, and the substitution of an attorney for the sole purpose of assisting the entry of the plea denied him effective assistance of counsel. While much of defendant's argument concerns the propriety of the actions of the district attorney and the trial judge in arranging and accepting the substitution of counsel and the authority of said counsel to act in defendant's behalf, we "limit" our examination to the broader question: Did counsel, whose representation was secured solely for the purpose of aiding defendant to enter his guilty plea, render reasonably effective assistance of counsel?

"As the concept of the Sixth Amendment right has broadened to encompass the provision of counsel for indigents, so too the *standards* to which appointing courts and appointed counsel must adhere have become more exacting. Courts are required to allow counsel sufficient time to inform themselves fully, to reflect maturely and to prepare thoroughly in the cases to which they are assigned, and courts can no longer tolerate perfunctory performance by appointed lawyers of the duty owed to indigent defendants." Fields v. Peyton, 375 F2d 624, 628 (4th Cir. 1967).

An attorney's duties when counseling the defendant to enter a guilty plea have been stated thusly: "Reasonably effective assistance is an easier standard to meet in the context of a guilty plea than in a trial, but counsel must still render competent service. . . It is the lawyer's duty to ascertain if the plea is entered voluntarily and knowingly. . . He must actually and substantially assist his client in deciding whether to plead guilty. . . It is his job to provide the accused an 'understanding of the law in relation to the facts' . . . The advice he gives need not be perfect, but it must be reasonably competent. . . His advice should permit the accused to make an informed and conscious choice. . . In other words, if the quality of counsel's service falls below a certain minimum level, the client's guilty plea cannot be knowing and voluntary because it will not represent an informed choice. *And a lawyer who is not familiar with the facts and law relevant to his client's case cannot*

*meet that required minimal level."* (Emphasis supplied.) Herring v. Estelle, 491 F2d 125, 128 (5th Cir. 1974), and cits. See also Walker v. Caldwell, 476 F2d 213, 223 (5th Cir. 1973).

Defendant's decision to plead guilty was made in the jail cell and in the absence of counsel. The attorney representing defendant during his arraignment had been assigned to the case only moments earlier and had no opportunity to investigate the facts. Counsel had no way of knowing that the burglary charge rested upon questionable proof as to defendant's intent and that exculpatory matters existed as to defendant's previously permitted stay at the prosecutor's residence. Any advice given by this attorney regarding defendant's plea was therefore uninformed and incompetent.

It is clear that the mere appearance of counsel with an accused who pleads guilty does not, by itself, insure the fulfillment of the accused's constitutional rights. Courts are reluctant to sanction "nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel." Avery v. Alabama, 308 U. S. 444, 446 (60 SC 321, 84 LE 377). "A perfunctory appointment and appearance of an attorney does not satisfy the Constitutional requirement that an accused be afforded the right to counsel." Lorraine v. Gladden, 261 FSupp. 909, 911 (D. Ore. 1966).

What is required, and what the defendant here lacked, is counsel who is sufficiently familiar with the case as to be able to provide the accused an informed assessment of the alternatives before him and the relative merits of these alternatives. See Windom v. Cook, 423 F2d 721 (5th Cir. 1970); Wray v. Hopper, 377 FSupp. 653 (M.D. Ga. 1974). Such advice could not have been given to the defendant here. His counsel made no investigation of the alleged facts on which the charge was based and took no steps to ascertain whether defendant might in fact have a valid defense to the charge placed against him.

"The significant premise underlying those decisions which have held that late appointment of counsel is inherently prejudicial to a defendant's rights to a fair trial, is that last-minute appointment of counsel is

functionally equivalent to the absence of counsel. . . Indeed, one of the principal vices arising from last-minute appointment of counsel is that counsel's lack of familiarity with the details of his client's case makes it impossible for him to exercise an enlightened judgment as to the threshold question of how his client should plead." United States ex rel. Kimbrough v. Rundle, 293 FSupp. 839, 843 (E. D. Penn. 1968).

The facts presented in this appeal are somewhat similar to those in Calloway v. Powell, 393 F2d 886 (5th Cir. 1968). There an attorney was appointed to represent appellant at his preliminary hearing. While this counsel was present at the hearing, he did not actively participate because appellant's family had retained the services of another attorney. Appointed counsel talked only briefly with appellant at the preliminary hearing and did nothing further, assuming that retained counsel would defend appellant. One week later, appellant's case was called for arraignment. Appointed counsel was called by a representative of the prosecutor and told to come to the courtroom, where, after explaining the charges to appellant during a ten minute time period, he aided appellant enter his guilty plea. Appellant's retained counsel and appellant's family were not notified of the proceeding. The Fifth Circuit Court of Appeals reversed the judgment, holding that appointed counsel's lack of familiarity with the case deprived appellant of his right to effective assistance of counsel. "[C]onfusion among attorneys about who is to represent the criminal defendant cannot erode away his right to effective counsel." Calloway v. Powell, supra, p. 888.[5]

That defendant may have desired to plead guilty and may have admitted his guilt does not alter the result we

_____

[5]The court noted, additionally, that the confusion which arises at times as to whether a defendant is represented by retained or appointed counsel "can be ameliorated by clear and definite requirements for entry of appearances of counsel and for withdrawal of appearances only with leave of court, and by requests for continuances by appointed attorneys who find that

reach today. "We cannot acquiesce in the suggestion that because [defendant] told his court-appointed attorney that he was guilty there was nothing else for the lawyer to do but to plead him guilty and hope for a light sentence. As we have just indicated, avenues of defense remained open, and the manifest failure to seek them out is chargeable to counsel or the lateness of the appointment, or both, not to [defendant]. It cannot be presumed that a defendant, whose need of professional assistance is so great as to require appointment of counsel, is nevertheless capable of comprehending with complete clarity his fundamental rights or possible defenses to complicated charges. Such presumption is refuted by the Supreme Court's statement that the very 'purpose of the constitutional guarantee of a right to counsel is to protect an accused from conviction resulting *from his own ignorance of his legal and constitutional rights, . . .'* Johnson v. Zerbst, 304 U. S. 458, 465 (58 SC 1019, 1023, 82 LE 1461) (1938). . . That purpose should not be denigrated by casual distinctions—either by design or inadvertence—as to the nature of the intended plea, for the maxim, 'the defendant needs counsel and counsel needs time' [cit.], holds true irrespective of the fact that the accused ultimately pleads guilty." Jones v. Cunningham, 313 F2d 347, 352 (4th Cir. 1963). See Von Moltke v. Gillies, 332 U. S. 708 (68 SC 316, 92 LE 309).

As defendant was denied his constitutional right to effective assistance of counsel during the critical stage of arraignment, his guilty plea cannot be said to have been entered intelligently and voluntarily. The trial court therefore erred in overruling defendant's motion to withdraw his plea.

*Judgment reversed. Pannell, P. J., and Quillian, J., concur.*

Argued October 9, 1975 — Decided November 7, 1975.

---

because of misunderstanding as to who is representing the accused they are not prepared to furnish representation meeting constitutional requirements."

486

*Warren Akin, William Morgan Akin,* for appellant.
*David N. Vaughn, Jr., District Attorney,* for appellee.